UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., | CASE NO. C12-605 RSM |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RELIEF FROM MEDIATION DEADLINE |
| v. | |
| AQUA BOX PRODUCTS, LLC, ABP DISTRIBUTORS, INC., and CARMINE LACOGNATA, | |
| Defendants. | |

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's motion to compel production of documents and for relief from the mediation deadline.  Dkt. # 29.  For the reasons set forth below, Plaintiff's motion is GRANTED.

## II.  BACKGROUND

In this Lanham Act and trademark infringement action, National Products, Inc. ("NPI") and Aqua Box Products, LLC ("ABP") are competitors in the market of waterproof cases for electronic devices.  Plaintiff NPI is seeking to compel responsive documents from ABP on its first (No. 1-35) and second (No. 36-42) document requests.  The first set was due on August 20, 2012, in which the parties agreed on a 30-day extension to September 19, 2012.  The second set

1   was due on September 5, 2012.  ABP produced a total of 36 documents on September 25, 2012.

2   Parties' counsel met and conferred regarding inadequacies of production on October 19, 2012.

3   Following the meeting, ABP produced 24 additional documents on October 22, 2012.  Alleging

4   deficiencies in the discovery documents, NPI timely filed this motion to compel ABP's

5   responsive documents, impose sanctions for discovery misconduct, and reset the mediation

6   deadline, which was November 16, 2012.  ABP opposes the motion on the grounds it has fully

7   complied with discovery requests. It does not oppose setting a new mediation deadline.

8                               **III.  DISCUSSION**

9   **A.  Production of Documents**

10          "The Federal Rules of Civil Procedure allow for broad discovery in civil actions."

11   *Wilkerson v. Vollans Auto., Inc.*, No. 08-1501, 2009 WL 1373678, at *1 (W.D. Wash. May 15,

12   2009).  "Parties may obtain discovery regarding any non-privileged matter that is relevant to any

13   party's claim or defense. . ." Fed. R. Civ. P. 26(b)(1).  Relevant information for purposes of

14   discovery is information "reasonably calculated to lead to the discovery of admissible evidence."

15   *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  District courts have

16   broad discretion in determining relevancy for discovery purposes.  *Id.* (citing *Hallett v. Morgan*,

17   296 F.3d 732, 751 (9th Cir. 2002); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*,

18   641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery,

19   and [their] rulings will not be overturned in the absence of a clear abuse of discretion." (internal

20   quotation and citations omitted)).

21          A party must produce documents "as they are kept in the usual course of business," or for

22   electronically stored information a party must produce it in the form it is "ordinarily maintained

23   or in a reasonably usable form."  Fed. R. Civ. P. 34(b)(2)(E).  If the requested disclosure is not

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RELIEF
FROM MEDIATION DEADLINE - 2

1  made, the requesting party may move for an order compelling such disclosure, and such a motion

2  must include a certification that the movant has made good faith efforts to obtain the requested

3  disclosure or discovery without court action.  Fed. R. Civ. P. 37(a)(1).  The party who resists

4  discovery has the burden to show that discovery should not be allowed, and has the burden of

5  clarifying, explaining, and supporting objections.  *See Gerawan Farming, Inc. v. Prima Bella*

6  *Produce, Inc.*, No. 10-0148, 2011 WL 2518948, at *2 (E.D. Cal. June 23, 2011).  Even if a party

7  has not moved for a protective order, the court should temper any order requiring production of

8  documents "to protect a party or person from annoyance, embarrassment, oppression, or undue

9  burden or expense. . . ."  *Nw. Home Designing, Inc. v. Golden Key Const., Inc.*, No. 11-5289,

10  2012 WL 470260, at *2 (W.D. Wash. Feb. 10, 2012) (citing Fed. R. Civ. P. 26(c)(1)).

11        NPI argues that ABP failed to produce underlying financial documents such as receipts,

12  inventory, and documents related to ABP's selection of its trademark.  Dkt. # 29, p. 2.  It seeks to

13  compel responsive documents from ABP custodians who may have relevant records.  Dkt. # 29,

14  p. 4-5.  Thus far, ABP has only produced records held by its Member/Manager Carmine

15  LaCognata, maintaining he is the sole employee with documents and that all business was

16  conducted out of his home.  Dkt. # 31, p. 5.  It initially disclosed that sales manager Frank

17  Doganiero, CPA Kevin Cameron, and legal counsel Gerald "JJ" Wehle *may* have information

18  regarding ABP's business practices, sales and financial information, and trademark information

19  respectively.  Dkt. # 30, Ex. I.  ABP now contends it produced "nearly every single document

20  ABP maintains, or ever maintained," including sales and financial data.  Dkt. # 31, pp. 4-5.  The

21  Court is not convinced, however, that none of the named custodians possess relevant, non-

22  duplicative documents outside of Mr. LaCognata's personal domain.  Broad discovery into the

23  records maintained by ABP's agents is reasonable in light of the fact that ABP is a short-lived,

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RELIEF
FROM MEDIATION DEADLINE - 3

1   small business that maintained little documentation.  Thus, ABP shall produce the remaining,

2   responsive, non-privileged documents held by Mr. Doganiero, Mr. Cameron and Mr. Wehle in

3   accordance with the relevant parts of NPI's first and second requests.

4         NPI also requests ABP's responsive emails among its agents, distributors and customers

5   in its second set of requests for document production.  Dkt. # 29, p. 5.  At the time this motion

6   was filed, NPI alleged it received only one email document from ABP.  Since then, ABP filed its

7   opposition and submitted supplemental responses to NPI's second set of requests, including a

8   CD-ROM containing the requested email files.  Dkt. # 35.  The motion to compel in respect to

9   responsive emails is now moot.

10        NPI further moves to compel *all* documents responsive to NPI's first and second

11   production requests.  ABP made a number of objections to the requests, citing they are overbroad

12   and unduly burdensome.  However, absent further clarification on the specific objections NPI

13   disputes, the request is inapposite.  Therefore, NPI's motion to compel production of documents

14   is GRANTED in respect to the relevant business, financial and trademark materials held by Mr.

15   Doganiero, Mr. Cameron and Mr. Wehle.  The Court hereby ORDERS ABP to produce its

16   remaining, responsive, non-privileged documents within <u>seven (7) days</u> of the date of this Order.

**17   B.  Sanctions**

18        When the court grants a motion to compel, or the requested discovery is produced only

19   after the motion has been filed, the responding party must pay the movant's reasonable expenses

20   unless (i) the movant failed to meet and confer, (ii) the responding party's nondisclosure was

21   substantially justified, or (iii) other circumstances make an award unjust.  Fed. R. Civ. P.

22   37(a)(5)(A).  The presumption in favor of such awards serves a "deterrent function by

23

24

1   discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.*,

2   577 F.2d 624, 642 (9th Cir. 1978).

3         NPI's motion to compel having been granted, the Court finds sanctions are appropriate.

4   To lend further justification, ABP produced supplemental documents containing responsive

5   emails *after* NPI filed the instant motion.  ABP argues it made a good faith attempt to comply

6   with reasonable discovery requests by supplementing responses "when new material came to

7   light."  Dkt. # 31, p. 6.  However, the responsive emails contain Mr. LaCognata's

8   communications from 2011, which could have reasonably been compiled when the responses

9   were originally due.  Rather than explaining why the requests were unreasonable at the time or

10  that nondisclosure was substantially justified, ABP argues its position as if it had timely

11  produced the documents.  Finding there are no apparent circumstances that make an award

12  unjust, the Court hereby ORDERS that ABP pay the reasonable expenses including attorney fees

13  that NPI incurred in making the motion.  NPI is to submit evidence of such costs and fees via a

14  signed and sworn declaration within <u>fourteen (14) days</u> of the date of this Order.  No response or

15  reply to the declaration shall be filed.

16  **C.  Mediation Deadline**

17        "A [scheduling order] may be modified only for good cause and with the judge's

18  consent."  Fed. R. Civ. P. 16(b)(4).  However, "when an act may or must be done within a

19  specified time, the court may, for good cause, extend the time… on motion made after the time

20  has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1).

21  Thus, if Plaintiff is requesting a modification of the scheduling order, it must only show good

22  cause.  If Plaintiff is requesting relief from a deadline, it must also show excusable neglect, as the

23  deadline at issue here has already passed.

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RELIEF
FROM MEDIATION DEADLINE - 5

1        The mediation deadline was November 16, 2012.  The parties scheduled mediation to

2  take place with an agreed upon mediator on November 14, 2012.  NPI cancelled its participation

3  two weeks prior due to ABP's delay in producing discovery documents.  As such, NPI has

4  shown good cause to extend the mediation deadline.  NPI is also excused from the elapsed

5  deadline as the motion was properly noted on the Court's calendar for November 16, 2012.  ABP

6  does not dispute this request for relief.  With good cause, excusable neglect and mutual

7  agreement between the parties, NPI's request for relief from the mediation deadline is

8  GRANTED.  The parties shall engage in mediation with the agreed upon neutral no later than

9  February 22, 2013.  All other dates in the Court's August 3, 2012 Scheduling Order (Dkt. # 14)

10  shall remain intact.

## IV.  CONCLUSION

12        Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

13  and the remainder of the record, the Court hereby finds and ORDERS:

14    (1)  Plaintiff's Fed. R. Civ. P. 37(a) motion to compel production of documents is

15        GRANTED.  ABP shall produce all remaining, responsive, non-privileged materials

16        held by Mr. Doganiero, Mr. Cameron and Mr. Wehle pursuant to NPI's first and

17        second requests for production within seven (7) days of the date of this Order.

18    (2)  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), ABP shall pay the reasonable expenses and

19        attorney fees incurred by NPI in bringing the instant motion before the Court.  NPI

20        shall submit a sworn declaration evidencing these expenses within fourteen (14)

21        days of the date of this Order.

1   (3)  The August 3, 2012 Scheduling Order (Dkt. # 14) shall be amended to set the

2       deadline for mediation to February 22, 2013.  All other dates in the Court's

3       Scheduling Order shall remain intact.

4       The Clerk is directed to forward a copy of this Order to Plaintiff and to all counsel of

5   record.

6       Dated this 11th day of January 2013.

7

8

9

       RICARDO S. MARTINEZ

10      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR RELIEF
FROM MEDIATION DEADLINE - 7