1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   NATIONAL PRODUCTS, INC.,                    CASE NO. C12-605 RSM

11               Plaintiff,                      ORDER GRANTING PLAINTIFF'S
                                                 MOTION TO SEAL DOCUMENTS
12          v.                                   IN OPPOSITION TO
                                                 DEFENDANTS' MOTION FOR
13   AQUA BOX PRODUCTS, LLC, et al.,             SUMMARY JUDGMENT

14               Defendants.

15

16          This matter comes before the Court upon Plaintiff NPI's stipulated motion to seal

17   documents containing confidential sales figures.  Dkt. # 59.  Specifically, NPI seeks to seal the

18   Declaration of Ewa M. Davison and the attached Exhibit 26 in support of its Opposition to

19   Defendants' motion for summary judgment.

20          "There is a strong presumption of public access to the court's files."  CR 5(g).  To obtain

21   a court order sealing documents on a dispositive motion, the parties must make a "compelling

22   showing" that the public's right of access is outweighed by the parties' interest in protecting the

23   documents.  CR 5(g)(2); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178

24   (9th Cir. 2006).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

1    disclosure and justify sealing court records exist when such court files might have become a

2    vehicle for improper purposes, such as the use of records to gratify private spite, promote public

3    scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F. 3d at 1179

4    (internal citations omitted).  "The mere fact that the production of records may lead to a litigant's

5    embarrassment, incrimination, or exposure to further litigation will not, without more, compel

6    the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122,

7    1136 (9th Cir. 2003)).  The Court will not grant broad authority to file documents under seal

8    simply because the parties have designated them as confidential in the course of discovery.

9    *Kamakana,* 447 F. 3d at 1183.  "If possible, a party should protect sensitive information by

10   redacting documents rather than seeking to file them under seal."  CR 5(g)(3).  Thus, "the motion

11   or stipulation to seal should include an explanation of why redaction is not feasible."  *Id.*

12          As to confidential financial information, the Court is inclined to seal information related

13   to future business practices over past business information.  *Microsoft Corp. v. Motorola, Inc.*,

14   No. 10-1823, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012).  However, the Court is

15   mindful of the proprietary nature of confidential financial information, and that past information

16   may be used to predict future business plans.  *Id.* (provisionally granting a motion to seal

17   financial documents, as the documents pertain to a central issue in the case).  Here, NPI seeks to

18   seal information containing monthly sales figures for 2005 through 2012, which lists the product

19   models and quantities sold.  It argues that as a private company, its financial information is kept

20   strictly private in order to preserve its competitive position with sellers of similar products.  The

21   Court agrees that the extent of past financial information contained in the documents may harm

22   NPI's competitive position with respect to future business.  NPI's motion to seal (Dkt. # 59) is

23   GRANTED.

24

ORDER GRANTING PLAINTIFF'S MOTION TO SEAL DOCUMENTS IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

Dated this 25 day of March 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE