UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AQUA BOX PRODUCTS, LLC, et al.,<br><br>Defendants. | CASE NO. C12-605 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SEAL DOCUMENTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court upon Plaintiff NPI's stipulated motion to seal documents containing confidential sales figures. Dkt. # 59. Specifically, NPI seeks to seal the Declaration of Ewa M. Davison and the attached Exhibit 26 in support of its Opposition to Defendants' motion for summary judgment.

"There is a strong presumption of public access to the court's files." CR 5(g). To obtain a court order sealing documents on a dispositive motion, the parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents. CR 5(g)(2); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F. 3d at 1179 (internal citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery. *Kamakana,* 447 F. 3d at 1183. "If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal." CR 5(g)(3). Thus, "the motion or stipulation to seal should include an explanation of why redaction is not feasible." *Id.*

      As to confidential financial information, the Court is inclined to seal information related to future business practices over past business information. *Microsoft Corp. v. Motorola, Inc.*, No. 10-1823, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012). However, the Court is mindful of the proprietary nature of confidential financial information, and that past information may be used to predict future business plans. *Id.* (provisionally granting a motion to seal financial documents, as the documents pertain to a central issue in the case). Here, NPI seeks to seal information containing monthly sales figures for 2005 through 2012, which lists the product models and quantities sold. It argues that as a private company, its financial information is kept strictly private in order to preserve its competitive position with sellers of similar products. The Court agrees that the extent of past financial information contained in the documents may harm NPI's competitive position with respect to future business. NPI's motion to seal (Dkt. # 59) is GRANTED.

1

2    Dated this 25 day of March 2013.

3

4

5    _____
     RICARDO S. MARTINEZ
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO SEAL DOCUMENTS IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3