UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS, INC.,

               Plaintiff,

     v.

AQUA BOX PRODUCTS, LLC, et al.,

               Defendants.

CASE NO. 12-0605-RSM

ORDER ON MOTIONS TO SEAL

## I. INTRODUCTION

This matter is before the Court for consideration of Defendants' three pending motions to seal.  Dkt. # 115, 116 and 130.  For the reasons set forth below, the motions to seal are DENIED.

"There is a strong presumption of public access to the court's files."  Local Civil Rule CR 5(g)(2).  For nondispositive motions, "this presumption may be overcome by a showing of good cause."  *Id*.  For dispositive motions, parties must make a "compelling showing" that the public's right of access is outweighed by the parties' interest in protecting the documents.  *Id*.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper

1   purposes, such as the use of records to gratify private spite, promote public scandal, circulate

2   libelous statements, or release trade secrets." *Kamakana v. City and County of Honolulu*, 447

3   F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).  "The mere fact that the production

4   of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

5   will not, without more, compel the court to seal its records." *Id.* (citing *Foltz v. State Farm Mut.*

6   *Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)).  The Court will not grant broad authority to

7   file documents under seal simply because the parties have designated them as confidential in the

8   course of discovery. *Kamakana,* 447 F. 3d at 1183.  "If possible, a party should protect sensitive

9   information by redacting documents rather than seeking to file them under seal."  CR 5(g)(3).

10  Thus, "the motion or stipulation to seal should include an explanation of why redaction is not

11  feasible." *Id.*

12      1.  Defendants' motion to seal, Dkt. # 115

13      Defendants seek to seal its ex-parte Motion for Withdrawal (Dkt. # 117) and

14  corresponding Declaration in support of sealing (Dkt. # 118).  Defendants state that the motion

15  and declaration contain confidential material protected by attorney-client privilege.  The motion

16  itself does not reveal any privileged material, as it only states that a conflict of interest has arisen

17  without revealing any details of the conflict.  Similarly, the sealed Declaration in support of the

18  motion to seal does not reveal any privileged material.  Thus, the Motion to Seal at Dkt. # 115 is

19  DENIED.

20      **The Clerk is directed to UNSEAL the documents filed at Dkt. # 117 and 118.**

21      2.  Defendants' redacted ex-parte motion, Dkt. # 116

22      The pending motion is not a Motion to Seal, but a redacted version of the Motion for

23  Withdrawal that was filed under seal at Dkt. # 117.  On May 13, 2013, the motion was heard and

24  an Order was entered.  Dkt. # 134.

1    **The Clerk is directed to remove the motion at Dkt. #116 from the motion calendar.**

2    3.  Defendants' Motion to Seal, Dkt. # 130

3    Defendants seek to seal the Second Declaration in support of the Motion for Withdrawal

4    (Dkt. # 132) and Declaration in support of the Motion to Seal (Dkt. # 133).  Defendants assert

5    that sealing is necessary on the basis of attorney-client privilege.  However, the documents do

6    not contain details of the privileged material, stating only that a conflict of interest has arisen.

7    There are limited portions of the Second Declaration that may be appropriate for redactions, but

8    sealing the entire document is overbroad.  *See Lahrichi v. Lumera Corp.*, No. 04-2124, 2007 WL

9    1521222, at *4 (W.D. Wash. May 22, 2007).  Defendants are ORDERED to submit a proposed

10   redacted version of this document for filing on this Court's docket unsealed, along with a

11   particularized justification for each and every redaction request no later than May 31, 2013.  This

12   filing must be prepared jointly and contain a statement of Plaintiff's objections to the redactions,

13   if any.  The Court will then rule on the requests and direct the posting of the unsealed version on

14   the docket.  Failure to comply will result in unsealing the document at Dkt. # 132.

15   **The Clerk is directed to UNSEAL the document filed at Dkt. # 133.**

16   Dated this 21 day of May 2013.

18

19   RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE

20

21

22

23

24