UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AQUA BOX PRODUCTS, LLC, et al., <br><br> Defendants. | CASE NO. C12-0605 RSM <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' Motion for Reconsideration. Dkt. # 123. Motions for reconsideration are disfavored and will be denied in the absence of a showing of manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Court Rule CR 7(h); *see also Northwest Acceptance Corp. v. Lynnwood Equip.*, 841 F.2d 918, 925-26 (9th Cir. 1988) (the trial court retains discretion to refuse to address issues raised for the first time in a motion for reconsideration).

1     On May 9, 2013, the Court granted Plaintiff's Motion in Limine to exclude expenses
2 unrelated to the cost of goods in the financial documents filed at Trial Exhibits 173 and 174.
3 Dkt. # 112.  The Court determined that Defendants did not comply with its discovery obligations
4 and failed to timely produce the materials by the Court-ordered deadline, despite being in
5 possession of the requested documents.  In this motion, Defendants argue that all productions
6 were made in good faith, and that certain shipping invoices should nevertheless be admitted.
7 Dkt. # 123, p.4.  Defendants' position is that certain timely produced receipts and invoices were
8 available to the Plaintiff in the early stages of discovery and should be admitted as a legitimate
9 deduction to the overhead expenses as otherwise would be unduly prejudicial.  Plaintiff argues
10 that the motion fails to allege any manifest error or new facts or legal authority as it simply seeks
11 to introduce improper deductions that have already been addressed in the motions in limine.
12 Dkt. # 143, p. 4.

13     The Court agrees that Defendants lack a sufficient basis for reconsideration.  First,
14 Defendants' good faith defense is largely re-argument of contentions made earlier.  Second, as
15 Plaintiff contends, the evidence Defendants now seek to introduce is duplicative, not previously
16 raised as legitimate expenses, or not included in the trial exhibits.  Defendants acknowledge that
17 the issue of shipping costs was addressed in its Opposition to Plaintiff's Motions in Limine, yet
18 does not explain why the admittance of timely-produced shipping invoices was not raised at that
19 time.  Moreover, the Court has already determined the allowable scope of deductions on
20 legitimate expenses, taking into account the circumstances surrounding the production of
21 documents during discovery.  Thus, there are no new facts or legal authority presented that
22 would warrant reconsideration of the Court's determination.

1    Having considered the Defendants' motion, Plaintiff's Response and the remainder of the
2 record, the Court hereby DENIES Defendants' Motion for Reconsideration. The Clerk of the
3 Court is directed to forward a copy of this Order to all counsel of record.

4

5    Dated this 12th day of June 2013.

                                                                         *[signature]*
                                                                         RICARDO S. MARTINEZ
                                                                         UNITED STATES DISTRICT JUDGE